OPINION
On August 15, 1996, defendant-appellant, James Karr, was involved in an altercation with his supervisor, Everett Mann, at the Hamilton city school system's building maintenance office. Both appellant and Mann subsequently signed separate criminal complaints charging each other with assault in violation of Hamilton Codified Ordinance 537.03. The cases were consolidated and a bench trial was held in Hamilton Municipal Court. Mann was represented at trial by private counsel who presented the assault case against appellant and defended Mann in the assault case pending against him. An Assistant Hamilton City Law Director ("prosecutor") presented the assault case against Mann and cross-examined the witnesses called by Mann's counsel.
Judy Ward testified that she was working as a secretary in the Hamilton city school system's building maintenance office on August 15, 1996 when appellant came to the office to submit a grievance paper. Ward testified that appellant's supervisor, Everett Mann, took the grievance paper, looked at it, and then slammed it down on a nearby counter. Ward testified that appellant began "carrying on like a little kid" and that he "screamed and hollered `you hit me, you hit me.'" Ward stated that appellant pushed Mann into a corner at that point and that appellant "nipped" Mann on the shoulder with his fist. Ward also testified that Mann did not strike appellant at any time.
Everett Mann testified that he was present at the Hamilton city school system's building maintenance office on August 15, 1996 when appellant submitted a grievance paper. Mann looked at the grievance and became angry because appellant had submitted the same grievance on fourteen prior occasions. Mann stated that he slapped the grievance paper down on a counter where appellant was resting his hand, but that he did not strike appellant's hand at any time. Mann testified that appellant pushed him into a corner at that point and that appellant "tapped" him on the shoulder.
Appellant also testified at trial. Appellant claimed that Mann struck him in the hand when he slammed the grievance paper down on the counter. Appellant also claimed that his hand became red and sore as a result of the blow and that he was forced to seek medical attention. Appellant admitted that he had pushed Mann "one step backwards" and that he had "tapped" Mann on the shoulder.
Appellant was convicted of assault. The trial court placed appellant on unsupervised probation for a period of two years and imposed a $50 fine. Mann was acquitted of the assault charge pending against him. Appellant now appeals setting forth the following assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT CONSOLIDATED BOTH COMPLAINTS INTO A SINGLE HEARING.
Crim.R. 13 addresses the authority of a trial court to consolidate two or more complaints for trial and provides, in pertinent part, as follows:
 The court may order two or more complaints to be tried together, if the offenses or the defendants could have been joined in a single complaint. The procedure shall be the same as if the prosecution were under such single complaint.
Crim.R. 8(B) permits the state to charge two or more defendants in a single complaint where the defendants are "alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses * * *." Our review of the record indicates that the assault charges brought against appellant and Mann in this case arose out of the same series of alleged criminal acts and that both defendants could therefore have been charged in a single complaint under Crim.R. 8(B). Accordingly, the trial court did not abuse its discretion in consolidating the two complaints for trial under Crim.R. 13. See State v. Menz (Dec. 24, 1994), Clermont App. No. CA94-05-034, unreported.
Appellant nevertheless argues that the trial court violated appellant's Sixth Amendment right to counsel by allowing the prosecutor to cross-examine the witnesses called by Mann's counsel. However, our review of the record indicates that appellant waived his Sixth Amendment right to counsel in writing prior to trial. Moreover, it is also apparent from the record that all of the witnesses at trial were called on behalf of both the prosecution and the defense in the cases against both appellant and Mann. Therefore, the prosecutor was certainly entitled to cross-examine the witnesses called by Mann's counsel since he was responsible for presenting the city's case against Mann and the witnesses called by Mann's counsel were testifying in Mann's defense. See Evid.R. 611. Appellant's sole assignment of error is overruled and the judgment of the trial court is hereby affirmed.
YOUNG, P.J., and KOEHLER, J., concur.